THE STATE EX REL. MANSON *v.* MORRIS, WARDEN, ET AL.

[Cite as *State ex rel. Manson v. Morris* (1993), 66 Ohio St.3d 440.]

(No. 92–2179—Submitted February 9, 1993—Decided June 16, 1993.)

*David A. Manson*, pro se.

*Lee I. Fisher*, Attorney General, and *Joseph Mancini*, Assistant Attorney General, for respondents.

---

*Per Curiam.* For the following reasons we grant respondents' motion for summary judgment. Accordingly, Manson's request for a writ of mandamus is denied.

Manson argues that CCI's visiting office and the Ohio Department of Rehabilitation and Correction denied him Addy's visitation because she was a former employee of the department and that the denial was unconstitutional.

Three requirements must be met to establish a right to a writ of mandamus: that relator have a clear legal right to the relief prayed for, that respondent have a clear legal duty to perform the acts, and that relator have no plain and adequate remedy in the ordinary course of law. *State ex rel. Berger v. McMonagle* (1983), 6 Ohio St.3d 28, 29, 6 OBR 50, 51, 451 N.E.2d 225, 226.

Manson does not meet the first requirement because he does not have a constitutional right to receive certain visitors. As the Sixth Circuit Court of Appeals has stated: "Prison inmates have no absolute constitutional right to visitation." *Bellamy v. Bradley* (C.A.6, 1984), 729 F.2d 416, 420, certiorari denied (1984), 469 U.S. 845, 105 S.Ct. 156, 83 L.Ed.2d 93.

In *Kentucky Dept. of Corr. v. Thompson* (1989), 490 U.S. 454, 460–461, 109 S.Ct. 1904, 1908–1909, 104 L.Ed.2d 506, 515, the United States Supreme Court stated:

"Respondents do not argue—nor can it seriously be contended, in light of our prior cases—that an inmate's interest in unfettered visitation is guaranteed directly by the Due Process Clause. * * * The denial of prison access to a particular visitor 'is well within the terms of confinement ordinarily contemplated by a prison sentence,' *Hewitt v. Helms* [1983], 459 U.S. [460] at 468, [103 S.Ct. 864, 869, 74 L.Ed.2d 675, 686] and therefore is not independently protected by the Due Process Clause."

In addition, Manson, as an Ohio inmate, does not have a state-protected liberty interest in receiving certain visitors. The *Thompson* court found that in order for prison regulations to create for an inmate a protected liberty interest in receiving certain visitors, the relevant regulations must contain " 'explicitly mandatory language,' *i.e.*, specific directives to the decisionmaker that if the regulations' substantive predicates are present, a particular outcome must follow * * *." *Id.*, 490 U.S. at 463, 109 S.Ct. at 1910, 104 L.Ed.2d at 516. Ohio Adm.Code 5120–9–15, which governs prison visitation in Ohio, is not sufficiently mandatory to create for Manson a protected liberty interest in receiving certain visitors. Addy clearly falls within the rule's excludable visitor category. Ohio Adm.Code 5120–9–15(C) states in part:

"It is recognized that certain visitors should be excluded. A visitor may be excluded when there are reasonable grounds to believe that:

"(1) The visitor's presence in the institution could reasonably pose a threat to the institution's security, or disrupt the orderly operations of the institution[.] * * * "

Because Addy was a former correctional officer of the Ross Correctional Institution located across the street from CCI, she could reasonably be considered a security risk based on her training in security procedures and knowledge of facility operations.

Accordingly, Manson has failed to meet the first and second requirements for a writ of mandamus. He has no clear legal right to the relief prayed for, nor do respondents have a clear duty to perform the acts. Respondents' motion for summary judgment is granted.

*Writ denied.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK and F.E. SWEENEY, JJ., concur.

PFEIFER, J., dissents.