This original action in mandamus is presently before this court for consideration of respondent's motion to dismiss, filed on February 1, 1999. As the primary basis of the motion, respondent, Judge Andrew Logan of the Trumbull County Court of Common Pleas, contends that the petition of relator, Joseph M. Dudley, fails to state a claim upon which the requested relief could be granted. For the following reasons, we conclude that the motion to dismiss has merit.
In maintaining the instant action, relator essentially seeks the issuance of an order requiring respondent to vacate a final judgment which was rendered previously in an underlying civil case. Relator further requests that respondent be required to issue a new copy of the judgment in question so that relator can have the opportunity to file a timely appeal. Relator asserts that this relief is necessary because he was never served with a copy of the judgment when it was originally rendered.
Specifically, relator's mandamus petition contains the following allegations: (1) in September 1996, relator filed a petition for postconviction relief from a prior criminal conviction; (2) within ten days of its filing, the state moved respondent to dismiss the postconviction petition; (3) in August 1997, respondent issued a judgment granting the state's motion and dismissing the postconviction petition; (4) relator was never served with a copy of the judgment within thirty days of its issuance; (5) after learning of the judgment's existence a few months later, relator obtained a copy of the judgment from the Trumbull County Clerk of Courts; (6) in July 1998, relator moved for relief from the August 1997 judgment, pursuant to Civ.R. 60(B); and (7) respondent overruled the Civ.R. 60(B) motion in a new judgment rendered in September 1998.
In now moving to dismiss the mandamus petition, respondent's analysis focuses upon relator's allegation as to the lack of service. Essentially, respondent submits that the records of the Trumbull County Clerk of Courts show that service of the August 1997 judgment was properly perfected within three days after its issuance. In support of this contention, respondent has attached a certified copy of the appearance docket in the underlying case.
In response to the motion to dismiss, relator does not contest the contention that the appearance docket shows that a copy of the August 1997 judgment was mailed to him at the penitentiary in a timely manner. Instead, he maintains that, for whatever reason, he never received the copy through the mail. Based upon this, relator argues that he is entitled to have the August 1997 judgment vacated, as he requested in his Civ.R. 60(B) motion.
Civ.R. 58(B) sets forth the requirements a clerk of courts must meet in providing notice of a judgment:
 "* * * Within three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ. R. 5(B) and note the service in the appearance docket. Upon serving the notice and notation of service in the appearance docket, the service is complete. The failure of the clerk to serve notice does not affect the validity of the judgment or the running of the time for appeal except as provided in App. R. 4(A)."
In Atkinson v. Grummal Ohio Corp. (1988), 37 Ohio St.3d 80,86, the Supreme Court of Ohio concluded that a clerk's compliance with the foregoing requirements are sufficient to protect a party's basic due process rights. However, the courts of this state have further held that compliance with Civ.R. 58(B) is not conclusive evidence of actual service upon the party; i.e., although compliance with the rule constitutes some evidence of service of the judgment, a party can refute the evidence by showing that he never actually received service of the judgment. See Jackson Twp. v. Stickles (Mar. 21, 1996), Franklin App. No. 95APC09-1264, unreported.
Moreover, it has been held that if a party is successful in proving that, despite the compliance with Civ.R. 58(B), he did not receive actual notice of a final judgment, he is entitled to have the judgment vacated under Civ.R. 60(B). DeFini v.Broadview Hts. (1991), 76 Ohio App.3d 209, 214. Under this procedure, the trial court would then issue a new copy of the judgment so that the party could bring a timely appeal. Id.
In the instant action, our review of the appearance docket submitted by respondent readily indicates that the Trumbull County Clerk of Courts satisfied the requirements for serving notice of a judgment. However, pursuant to the foregoing authority, this fact is not controlling of our analysis as to whether relator is entitled to the requested relief. To this extent, respondent's argument in his motion to dismiss lacks merit.
Nevertheless, this court would again emphasize that theDeFini decision stands for the basic proposition that a Civ.R. 60(B) motion is the proper procedural mechanism for contesting the service. In his mandamus petition, relator readily asserts that, after learning of the August 1997 judgment, he filed such a motion in the court of common pleas. He further asserts that respondent issued a second judgment in September 1998 overruling the motion.
As a general proposition, a judgment overruling a Civ.R. 60(B) motion is a final order which can be appealed to the appellate court. Colley v. Bazell (1980), 64 Ohio St.2d 243. As a result, instead of maintaining the instant action in mandamus, relator should have contested respondent's decision on the "service" issue in an appeal from the second judgment. In turn, if we had held in the appeal that respondent should have granted the Civ.R. 60(B) motion, the case would have been remanded so that a new judgment on the postconviction petition could be rendered and relator could bring a timely appeal from that particular judgment.
Before a writ of mandamus will lie to compel a public official to perform a duty, the relator must be able to show that, inter alia, he does not have a plain and adequate remedy in the ordinary course of the law. State ex rel. Manson v.Morris (1993), 66 Ohio St.3d 440, 441. In interpreting this element of a mandamus claim, this court has held that a direct appeal from a final judgment is an adequate legal remedy because an appeal can achieve the same result as an action in mandamus. State ex rel. Russell v. Swain (Aug. 22, 1997), Lake App. No. 97-L-116, unreported.
In the instant case, relator's own allegations in his mandamus petition can only be interpreted to support the conclusion that he will be unable to establish any set of facts under which he would not have an adequate legal remedy. Under these circumstances, dismissal of this action is warranted under Civ.R. 12(B)(6) because relator has failed to state a viable claim in mandamus. State ex rel. Boggs v. SpringfieldLocal School Dist. Bd. of Edn. (1995), 72 Ohio St.3d 94, 95.
Pursuant to the foregoing analysis, respondent's motion to dismiss is granted. It is the order of this court that relator's mandamus petition is hereby dismissed.
 ------------------------------ PRESIDING JUDGE DONALD R. FORD
 --------------------- JUDGE ROBERT A. NADER
 ------------------------ JUDGE WILLIAM M. O'NEILL