OPINION
This action in mandamus is presently before this court for consideration of the motion to dismiss of respondent, Judge John A. Enlow of the Portage County Court of Common Pleas. As the primary basis for his motion, respondent contends that the petition of relator, Climie Smith, does not state a viable mandamus claim because relator's own allegations support the conclusion that respondent does not have the duty to perform the requested act. For the following reasons, we hold that the motion to dismiss is well taken.
In bringing the instant action, relator seeks the issuance of an order which would require respondent to vacate a criminal conviction which was rendered against relator by a former judge of the Portage County Court of Common Pleas. Relator's prayer for this relief is predicated upon the basic assertion that the prior judge lacked jurisdiction to convict him on the charges of aggravated burglary and kidnapping. Specifically, relator alleges in his petition that: (1) in May 1992, a jury found relator guilty of these two charges following a two-day trial; (2) Judge George E. Martin then rendered a judgment against relator in accordance with the jury verdict and sentenced him to two concurrent terms of imprisonment; (3) this conviction was entered even though the grand jury never indicted relator for aggravated burglary or kidnapping; (4) in August 2000, relator moved respondent to vacate the conviction on the grounds of a lack of jurisdiction; and (5) one month later, respondent issued a new judgment overruling relator's motion.
In support of the forgoing allegations, relator has attached to his mandamus petition copies of various documents which were entered upon the record in the underlying criminal action. These documents include a copy of the appearance docket in the case. According to relator, these documents show that, prior to his trial in 1992, he was indicted solely on the charge of drug abuse.
To be entitled to a writ of mandamus, a relator must generally prove that: (1) he cannot pursue an alternative legal remedy under which he can achieve the same result as in a mandamus action; (2) he has a clear legal right to the requested relief; and (3) respondent has a clear legal obligation to perform the requested act. State ex rel. Manson v. Morris
(1993), 66 Ohio St.3d 440, 441. Thus, in considering a motion to dismiss a mandamus claim under Civ.R. 12(B)(6), a court must decide whether the relator's petition is legally sufficient to satisfy each of the foregoing three elements. That is, it must be determined whether the allegations are such that, even when the allegations are construed in a manner most favorable to relator, he will be unable to prove a set of facts establishing all three elements. State ex rel. Boggs v. Springfield LocalSchool Dist. Bd. of Edn. (1995), 72 Ohio St.3d 94, 95. Furthermore, in making a decision under Civ.R. 12(B)(6), a court can review only the relator's allegations and any materials which are attached and incorporated into the mandamus petition. State ex rel. Crabtree v.Franklin Cty. Bd. of Health (1997), 77 Ohio St.3d 247, 249, fn. 1.In considering mandamus actions in which the relator seeks to compel a judge of an inferior court to vacate a judgment, the Supreme Court of Ohio has expressly held that the "adequate remedy" element of a mandamus claim is not applicable when it is alleged that the judge lacked jurisdiction. InState ex rel. Ballard v. O'Donnell (1990), 50 Ohio St.3d 182, the court concluded that a writ of mandamus can be issued to compel the vacation of the judgment under such circumstances even if the relator had an adequate legal remedy through an appeal of the judgment. Therefore, in the instant case, relator is required to satisfy only the second and third elements of a mandamus claim: i.e., the allegations in relator's petition will be deemed to be legally sufficient if they indicate that respondent had a legal obligation to vacate the prior conviction on the basis of a lack of jurisdiction.
In attempting to allege a lack of jurisdiction, relator cites solely to the copy of the appearance docket which is attached to his petition. Relator notes that each page of the appearance docket contains the following notation:
 "Common Pleas Court Portage County, ss. Indictment for: DRUG ABUSE-2925.11 Found and Filed 03/06/1992 Comments AGG ROBBERY, AGG BURGLARY KIDNAPPING C. BD 20,000. NOT POSTED."
 Emphasizing that the phrase "Indictment for" is directly followed by a reference to the charge of drug abuse, relator maintains that the notation shows that the Portage County Grand Jury never indicted him on the two charges of which he was ultimately found guilty. Based upon this, relator asserts that the original trial judge did not have the authority to try and convict him on the charges of aggravated burglary and kidnapping.
As to this assertion, this court would first indicate that the manner in which the clerk of court refers to an indictment on the appearance docket would have no bearing on the issue of whether relator had been properly indicted; instead, the resolution of that issue would be controlled by the wording of the indictment itself. Second, our review of the docket shows that the clerk's failure to refer to any other charges directly beside the "drug abuse" reference was not due to the fact that relator had not been charged with any other offenses, but instead was due to the fact that the clerk did not have sufficient space on the page to refer to all of the other charges in the indictment.
In relation to the latter point, we would note that entries on the appearance docket are written upon pre-printed pages. These pages contain certain headings under which the clerk must write certain information pertaining to the particular case.
The notation quoted above is set forth in the upper right-hand corner of each pre-printed page. This area of the page contains the headings "Indictment for" and "Comments." The space between these two headings is extremely limited. As a result, in attempting to list the charges which had been brought against relator, the clerk could only refer to the drug abuse charge in this area of the page. The clerk then referred to the other pending charges under the "Comments" portion of the page.
More importantly, this court would emphasize that, in addition to a copy of the appearance docket, relator also attached to his mandamus petition and to his response to the motion to dismiss a copy of the actual indictment against him. Our review of this document indicates that relator was properly indicted for aggravated burglary and kidnapping. Specifically, we would note that each page of the indictment set forth the elements of the charged offense, was signed by the Portage County Prosecutor, and was signed by the foreperson of the Portage County Grand Jury. In addition, the document shows that each page of the indictment was filed with the clerk of courts and properly timed-stamped.
Accordingly, when considered as a whole, the documents attached to relator's own petition supports the conclusion that, prior to his trial in May 1992, relator had been indicted on the two specific charges which formed the basis of his ultimate conviction. In turn, it follows that relator's own allegations do not support the legal conclusion upon which relator has predicated his mandamus claim; i.e., his own allegations and the materials accompanying his petition can only be interpreted to show that the original trial judge in the underlying criminal action did have jurisdiction to enter a conviction on those charges.
Pursuant to the foregoing analysis, this court concludes that the allegations in relator's mandamus petition are not sufficient to show that he can prove a set of facts under which respondent would have a clear legal duty to vacate relator's prior criminal conviction on the ground of a lack of jurisdiction. Therefore, because relator has failed to state a viable mandamus claim, dismissal of his petition is warranted under Civ.R. 12(B)(6).
Respondent's motion to dismiss is hereby granted. It is the order of this court that relator's mandamus petition is dismissed.
JUDGE WILLIAM M. O'NEILL, JUDGE DONALD R. FORD, JUDGE ROBERT A. NADER.