JOURNAL ENTRY AND OPINION
{¶ 1} On April 11, 2002, relator John P. Gallagher filed a petition for a peremptory writ of mandamus. The petition requests this court to compel the Cuyahoga County Board of County Commissioners (BOCC) and the Cuyahoga County Auditor to certify relator as a participant in the BOCC Early Retirement Incentive Plan (ERIP). On May 13, 2002, respondents, through the Cuyahoga County Prosecutor's office, filed their answer. Thereafter, on May 14, 2002, relator filed a motion for summary judgement, and on May 15, 2002, filed an application for alternative writ with request for expedited disposition. On June 3, 2002, respondents filed a motion for summary judgment and a brief in opposition to relator's motion for summary judgment. On June 10, 2002, relator filed their reply to respondent's brief in opposition to relator's motion for summary judgment and their brief in opposition to respondent's motion for summary judgment. Thereafter, on June 12, 2002, respondents filed motion for leave instanter to relator's brief in opposition to respondent's motion for summary judgment. On June 24, 2002, counsel for relator and respondents filed stipulations.[1]
 {¶ 2} The record indicates that on or about May 29, 2001, the BOCC established an ERIP with an enrollment period of July 1, 2001 through June 30, 2002. On or about October 5, 2001, relator submitted an ERIP enrollment form. Thereafter, by letter dated November 13, 2001, relator received notice that his enrollment would not be processed because of his employment in a non-participating agency, Juvenile Court. Relator appealed the decision and met with representatives of the BOCC on or about November 30, 2001. On March 27, 2002, relator received a letter informing him that a determination was made that he was an employee of Juvenile Court and not eligible to participate in the ERIP. Relator then commenced this action in mandamus.
 {¶ 3} Relator argues that this court must grant the mandamus action because he meets all the eligibility requirements for participation in the ERIP. In support of his contention, relator submitted the following documents:
 {¶ 4} A 1996 letter from the Human Resource section of Juvenile Court to the Cuyahoga County Director of Human Resources, which seeks to clarify certain pay issues regarding relator. According to the letter, relator is no longer an employee of the Juvenile Court and that while he works in Juvenile Court, he is actually an employee of the Commissioner's Office. The letter also states that he was transferred to the Commissioner's budget but he continues to sign in and out of Juvenile Court time sheets.
 {¶ 5} A copy of an email from Frank Brickner to Donna Coe regarding relator which states, "He is still a BOCC employee just housed here. He does not come out of our payroll."
 {¶ 6} A memo dated July 1993 from relator to Commissioner Timothy Hagan accounting for relator's activities involving the proposed detention facility.
 {¶ 7} 4) A memo dated January 4, 1999 from relator to Commissioner Jane Campbell regarding the New Detention Center project that contains handwritten notes from Commissioner Campbell to relator. 5) A document that states that relator's index code is, "766238, County Commissioners, Office of Budget Mgmt, Juvenile Court New Detention Center."
 {¶ 8} 6) A document concerning preliminary concepts of the juvenile detention center that lists relator as the Commissioner's Liaison-Juvenile Court.
 {¶ 9} 7) A copy of the Cuyahoga County Court of Common Pleas Juvenile Division 2000 Annual Report which does not reference relator.
 {¶ 10} 8) Deposition of James Shannon, Payroll Manager for the Cuyahoga County Auditor's Office.
 {¶ 11} Relator further argues that his salary was paid through the payroll of the BOCC. Therefore, pursuant to R.C. 145.297, relator is conclusively determined to be an employee of the BOCC.
 {¶ 12} In their motion for summary judgment and brief in opposition to relator's motion for summary judgment, respondents argue that the BOCC never hired relator as an employee. Respondents further argue that if there is a dispute regarding relator's employing unit, then R.C. 145.297(A)(4) is determinative and the Juvenile Court is the employing unit.
 {¶ 13} In support of their position, respondents have submitted affidavits from James Shannon, Manager of the Payroll Division of the Cuyahoga County Auditor's Office; Dennis Madden, Human Resource Director for the BOCC; and Marjorie Pettus, Clerk for the BOCC.
 {¶ 14} According to Mr. Shannon, relator is on the payroll of the Juvenile Court and is paid from index code 766238, a capital improvement fund allocated to the Juvenile Court New Detention Center. In his affidavit, Mr. Madden states that a person does not become an employee of the BOCC until the Commissioners have actually approved the personnel action, and a personnel action for hiring relator was never presented to the BOCC. Additionally, Mr. Madden states that relator does not appear on the payroll of the BOCC. Ms. Pettus's affidavit also states that BOCC has not passed a resolution approving any personnel action for the hiring of relator.
 {¶ 15} In his brief in opposition to respondents' motion for summary judgment, relator asserts that in 1993, Cuyahoga County Commissioner Timothy Hagan offered him a position as the Cuyahoga County Commissioners' representative for the new Juvenile Detention Project which he accepted. According to relator, he worked for the Cuyahoga County Board of County Commissioners, Office of Budget and Management from 1993 through December 2001. Relator argues that his payroll code, 766238, identified as, "County Commissioners, Office of Budget Mgmt, Juvenile Court New Detention Center," supports this contention.
 {¶ 16} Relator further argues that Mr. Shannon testified that while relator appears on the payroll register submitted by the Juvenile Court, the register is merely a ministerial reporting of the hours worked by county employees and that Shannon could not determine what county agency relator worked for by reviewing the register.
 {¶ 17} In their motion to reply instanter to relator's brief in opposition to respondents' motion for summary judgment, respondents argue that it requires two of the three BOCC members to approve any hiring and that merely writing a memo to a Commissioner does not demonstrate that the BOCC is the relator's employing unit. Respondents further argue that there is no evidence except for relator's own self-serving statement that he was an employee of the Office of Budget and Management. Conversely, there is evidence in relator's personnel file that demonstrates relator was an employee of Juvenile Court. Respondents also argue that the name of the index fund is not determinative of the payroll unit. In support of these arguments, respondents included affidavits from Sandy Turk, Director of the Office of Budget and Management, Steven Letsky, Director of Accounting, and Kenneth Lusnia, Court Administrator for the Juvenile Court.
 {¶ 18} According to Ms. Turk, she has been the Director of Budget and Management since 1990 and relator was never an employee of the office. She also states that during her many discussions with current and prior Cuyahoga County Commissioners, neither they nor Dennis Madden, Director of Human Resources, ever stated to her that relator was an employee of the Office of Budget and Management. Ms. Turk further states that she approves the time sheets and payroll for all employees of the Office of Budget and Management and that she never approved the payroll for relator.
 {¶ 19} According to Steven Letsky's affidavit, the funds used to pay an employee's payroll is not determinative of an employee's payroll unit. Furthermore, just because an index code states Office of Budget and Management does not mean that the employee is on the payroll of the Office of Budget and Management.
 {¶ 20} The affidavit of Kenneth Lusnia states that he issued a memo to relator to determine whether relator would take advantage of an ERIP if the Juvenile Court decided to participate. In response to the memo, relator returned a signed copy of his intent to participate in the Juvenile Court ERIP. Attached to the affidavit are copies of relator's declaration of intent to participate in ERIP should one be offered at Juvenile Court. Respondents have also attached to the motion authenticated documents from relator's personnel file from Juvenile Court. Those documents include a 1996 letter from the Juvenile Court Administrator to the prosecutor's office concerning relator, and a memo to relator from the Juvenile Court Administrator dated April 8, 1998, informing relator about his new classification and salary.
 {¶ 21} In order for this court to issue a writ of mandamus, a relator must establish that: 1) the relator possesses a clear legal right to the relief prayed; 2) the respondent possesses a clear legal duty to perform the requested act; and 3) the relator possesses no plain and adequate remedy in the ordinary course of the law. State ex rel. Mansonv. Morris (1993), 66 Ohio St.3d 440, 613 N.E.2d 232, citing State exrel. Berger v. McMonagle (1983), 6 Ohio St.3d 28, 451 N.E.2d 225. Moreover, mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not be issued in doubtful cases. State ex rel. Taylor v. Glasser (1977), 50 Ohio St.2d 165,364 N.E.2d 1; State ex rel. Shafer v. Ohio Turnpike Commission (1953),159 Ohio St. 581, 113 N.E.2d 14; State ex rel. Cannole v. Cleveland Boardof Education (1993), 87 Ohio App.3d 43, 621 N.E.2d 850.
 {¶ 22} After reviewing all arguments and supporting documentation, we find that relator failed to demonstrate that he is entitled to participate in the BOCC ERIP and that respondents have a duty to allow him to participate in the ERIP. As stated above, in order for this court to issue a writ of mandamus, relator must establish that he possesses a clear legal right to the requested relief and that respondents have a clear legal duty to perform the requested relief. However, in light of the evidence submitted by respondents, relator has not sufficiently demonstrated to this court that he is an employee of the BOCC. Consequently, relator failed to demonstrate that respondents have a duty to allow him to participate in the BOCC ERIP.
 {¶ 23} Accordingly, we grant the respondent's motion for summary judgment. Relator to bear costs. It is further ordered that the clerk shall serve upon all parties notice of this judgment and date of entry pursuant to Civ.R. 58(B).
Writ denied.
PATRICIA A. BLACKMON, J., AND COLLEEN CONWAY COONEY, J., CONCUR.
[1] According to the joint stipulation, relator's payroll index code is 766238 which is charged to Cuyahoga County Fund No. 40A004, a capital account for the New Juvenile Detention Center. Additionally, it is believed that relator is the only employee assigned a payroll index code of 766238.