OPINION
{¶ 1} The instant action in mandamus is presently before this Court for consideration of the motion to dismiss of respondent, Judge Alfred W. Mackey of the Ashtabula County Court of Common Pleas. As the sole basis for this motion, respondent asserts that the petition of relator, David M. Cameron, does not state a viable mandamus claim because his allegations are not sufficient to satisfy any element of the claim. For the following reasons, we conclude that the motion to dismiss has merit.
{¶ 2} In bringing this action, relator seeks the issuance of an order requiring respondent to render a judgment shortening relator's current prison term by ninety-one days. In his mandamus petition, relator has alleged that respondent has a legal obligation to grant him jail-time credit covering the period he was subject to electronically monitored house arrest, beginning in June 2001. According to relator, the Ohio Revised Code mandates that the ninety-one days must be included in the calculation of the two-year sentence he is serving on one count of domestic violence.
{¶ 3} In support of his mandamus claim, relator has attached to his petition a copy of a judgment respondent issued in the underlying criminal action in March 2002. As part of this judgment, respondent considered a motion for jail-time credit relator had filed after the imposition of his sentence. Upon concluding that the period of relator's house arrest did not count as time served on his sentence, respondent overruled relator's motion.
{¶ 4} As a general proposition, in order for a relator to be entitled to a writ of mandamus, he must be able to establish, inter alia, that there does not exist another legal remedy through which he can obtain the same outcome. State ex rel. Manson v. Morris (1993),66 Ohio St.3d 440, 441. In considering this element in the context of other mandamus actions in which a prisoner has sought additional credit for time served, this court has held that the writ will not lie when the trial court in the underlying case has rendered an appealable judgment on the issue.
{¶ 5} In State ex rel. Petty v. Portage Cty. Ct. of Common Pleas
(Oct. 17, 1997), 11th Dist. No. 97-P-0041, the prisoner moved the trial court for additional jail-time credit after he had started to serve his sentence. In this motion, the prisoner sought credit for the period he had been incarcerated in the county jail prior to his conviction. Once the trial court had issued a judgment only granting the prisoner one day of credit, he initiated an action in mandamus before this court, arguing that the trial court had a duty to give him additional credit.
{¶ 6} In concluding that the prisoner was not entitled to the writ, we began our analysis in Petty by noting that, although the basic duty to calculate jail-time credit lies with the trial court, any error in that calculation could have been challenged by the prisoner in a direct appeal from the judgment in which the trial court had granted him credit only for a single day. We then held that since the prisoner could obtain the same result in a direct appeal that he had wanted in his mandamus petition, an appeal was an adequate legal remedy which foreclosed his ability to maintain the mandamus action:
 {¶ 7} "'By bringing the instant action, [the prisoner] essentially sought a determination by this court that the [trial] judge had erred in denying his motion for additional credit. Since such a determination could have been made in a timely appeal from the judgment in question, [the prisoner] sought to use this original action as a substitute for an appeal. Such is not a proper use of an original action.'" Id., at 5, quoting State ex rel. Peck v. Kainrad (May 2, 1997), 11th Dist. No. 96-P-0239, at 5.
{¶ 8} The Petty and Peck analysis is clearly applicable to the allegations in the instant case. In his petition and accompanying materials, relator has admitted that respondent issued a judgment on his motion for jail-time credit. Since that judgment fully disposed of relator's motion, it constituted a final appealable order from which relator could have brought a direct appeal. As part of that appeal, relator could have attempted to show, just as he is trying to do in the instant case, that respondent should have granted him credit for the time he was under house arrest. Thus, relator had adequate legal remedy through which he could have achieved the same result he has sought before us.
{¶ 9} Even when the allegations in relator's mandamus petition are construed in a way most favorable to him, those allegations are not legally sufficient to demonstrate that he will be able to prove each element of a mandamus claim. Specifically, he cannot show that he lacks an adequate legal remedy. Therefore, because relator's petition does not state a viable mandamus claim, it is subject to dismissal under Civ.R. 12(B)(6).
{¶ 10} Pursuant to the foregoing analysis, respondent's motion to dismiss is granted. It is the order of this court that relator's mandamus petition is dismissed.
DONALD R. FORD, J., ROBERT A. NADER, J., DIANE V. GRENDELL, J., concur.