JOURNAL ENTRY AND OPINION
{¶ 1} On August 20, 2002, the relator, Earnest Harwell, commenced this mandamus action against the State of Ohio to compel Judge Richard McMonagle to rule on relator's motion to withdraw his guilty plea inState v. Harwell, Cuyahoga County Court of Common Pleas Case No. CR-314343, and to issue findings of fact and conclusions of law. On September 18, 2002, the respondent, through the Cuyahoga County Prosecutor, filed a motion for summary judgment. Relator did not file a response to the motion for summary judgment.
 {¶ 2} In order for this court to issue a writ of mandamus, a relator must establish that: 1) the relator possesses a clear legal right to the relief prayed; 2) the respondent possesses a clear legal duty to perform the requested act; and 3) the relator possesses no plain and adequate remedy in the ordinary course of the law. State ex rel. Mansonv. Morris (1993), 66 Ohio St.3d 440, 613 N.E.2d 232, citing State exrel. Berger v. McMonagle (1983), 6 Ohio St.3d 28,451 N.E.2d 225.
 {¶ 3} Attached to the respondent's motion for summary judgment is a copy of the court's judgment entry signed by Judge Russo which denied relator's motion. Thus the relator's request for a writ of mandamus is moot. State ex rel. Gantt v. Coleman (1983), 6 Ohio St.3d 5,450 N.E.2d 1163; State ex rel. Jerningham v. Cuyahoga County Court ofCommon Pleas (1996), 74 Ohio St.3d 278, 658 N.E.2d 723.
 {¶ 4} This court has also held that Crim.R. 32.1 does not require a trial court to issue findings of fact and conclusions of law following the denial of a motion to withdraw a guilty plea. State ex rel. Kavlichv. Judge McMonagle (Jan. 27, 2000), Cuyahoga App. No. 76927; State v.Halliwell (Dec. 30, 1996), Cuyahoga App. No. 70369. Accordingly, the judge owes no duty to relator to issue findings of fact and conclusions of law.
 {¶ 5} Relator also failed to support his complaint with an affidavit "specifying the details of the claim" as required by Loc.R. 45(B)(1)(a). State ex rel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077; and State ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899.
 {¶ 6} Furthermore, the relator failed to comply with R.C. 2969.25, which mandates that he attach an affidavit to his complaint that describes each civil action or appeal of a civil action filed in the previous five years. The failure to provide such affidavit constitutes sufficient grounds for dismissal of the relator's complaint for a writ of mandamus. State ex rel. Zanders v. Ohio Parole Board (1998),82 Ohio St.3d 421, 696 N.E.2d 594; State ex rel. Alford v. Winters
(1997), 80 Ohio St.3d 285, 685 N.E.2d 1242.
 {¶ 7} Accordingly, we grant the respondent's motion for summary judgment. Relator to bear costs. It is further ordered that the clerk shall serve upon all parties notice of this judgment and date of entry pursuant to Civ.R. 58(B).
Writ denied.
JAMES D. SWEENEY, P.J., AND FRANK D. CELEBREEZE, JR., J., CONCUR.