{¶ 1} This original action is presently before this Court for consideration of the motion to dismiss of respondent, Barb Warne of the Lake Erie Correctional Institution. As the sole basis for her motion, respondent contends that the petition of relator, Carl A. Engelhart, does not state a viable mandamus claim because she has no legal obligation to perform the specific act which relator seeks to compel. For the following reasons, we hold that the motion to dismiss has merit.
{¶ 2} Relator is presently an inmate at the Lake Erie Correctional Institution, having been previously convicted of criminal offenses in Cuyahoga County and Lorain County, Ohio. Respondent holds the position of Records Supervisor for this institution; as a result, she is responsible for determining the date upon which an inmate at the facility is entitled to be released from custody.[1]
{¶ 3} In maintaining the instant action, relator essentially seeks the issuance of an order requiring respondent to alter the date of his release on the records of the institution. In support of his prayer for relief, relator has alleged in his petition that, at some point prior to April 2002, the Cuyahoga County Court of Common Pleas issued a judgment entry in which it awarded relator thirty days of jail-time credit in relation to a previously-imposed jail sentence. Relator has further alleged that, although respondent has received a copy of the Cuyahoga County judgment, she has refused to give him proper credit by "setting back" the date of his release by thirty days. Based upon this, he then asserts that a writ of mandamus should be issued because respondent has a legal duty to set a new date for his release from the institution.
{¶ 4} In further support of his claim, relator has attached to his petition a copy of a prison record from respondent's office. Our review of the record shows that the document sets forth a summary of information about relator's present incarceration. Specifically, the record indicates that relator is being held on three convictions in Lorain County and four convictions in Cuyahoga County. In addition to stating the nature of each offense upon which the seven convictions were based, the record also delineates the exact sentence relator received for each conviction. Under both the Cuyahoga County convictions and the Lorain County convictions, the range of the sentences was from a term of two years to a term of six months. However, the attached prison record also shows that, unlike the sentences imposed under the four Cuyahoga County convictions, two of the Lorain County sentences were imposed on a consecutive basis so that the aggregate term for all three Lorain County convictions was thirty months.
{¶ 5} Besides the copy of the prison record, relator has attached to his petition a copy of a complaint he filed with respondent concerning the credit issue. As part of this specific document, relator expressly stated that the thirty-day credit had been awarded as to two of the four Cuyahoga County sentences in Cuyahoga C.P. Nos. 369133 and 368256. In turn, the prison record indicates that relator began to serve the sentences on those two Cuyahoga County cases before he started serving the aggregate term under the Lorain County convictions
{¶ 6} In now moving to dismiss the mandamus petition, respondent asserts that, in light of the information set forth in the documents attached to relator's petition, it is evident that the date of relator's release is controlled by the thirty-month aggregate sentence under the Lorain County convictions. Based upon this, respondent further contends that since the thirty-day credit awarded by the Cuyahoga County court can only be deducted from the two Cuyahoga County sentences, the granting of the credit has no effect upon the calculation of relator's release date under the Lorain County sentences. Therefore, respondent ultimately maintains that a writ of mandamus cannot lie under these facts because she has no legal duty to schedule relator's release for an earlier date.
{¶ 7} Upon reviewing the mandamus petition and both of the attached documents, this court holds that the dismissal of this action is warranted. First, the prison record shows that, in the two Cuyahoga County cases in which relator received the thirty-day credit, he was originally sentenced to concurrent terms of twenty-four months and six months. Second, the record indicates that relator started to serve these two Cuyahoga County sentences on April 5, 2000, approximately three weeks before the aggregate term under the Lorain County convictions was even imposed. Accordingly, since the two Cuyahoga County sentences at issue will be completely served before the conclusion of the thirty-month aggregate term under the Lorain County convictions, it follows that relator will not be entitled to be released until he has served the entire thirty-month Lorain County term.
{¶ 8} In turn, because the Cuyahoga County court would have jurisdiction to grant relator jail-time credit only in relation to his Cuyahoga County convictions, it further follows that the thirty-day credit from Cuyahoga County cannot be used to shorten the length of the Lorain County aggregate term. Thus, although relator is technically entitled to receive credit for the thirty days, it will not change the date of his release from the institution.
{¶ 9} To be entitled to a writ of mandamus, a relator must be able to prove, inter alia, that the respondent has a legal duty to perform the specific act which the relator is trying to compel. State ex rel. Mansonv. Morris (1993), 66 Ohio St.3d 440, 441. Hence, a mandamus petition will be subject to dismissal under Civ.R. 12(B)(6) if the nature of the relator's allegation are such that, even when the allegations are construed in a manner most favorable to relator, there is no reasonable doubt that he will be unable to prove a set of facts under which he will be entitled to the writ. State ex rel. Boggs v. Springfield Local SchoolDist. Bd. of Edn. (1995), 72 Ohio St.3d 94, 95. Moreover, in deciding whether the relator has stated a viable claim, a court can consider, in addition to the allegations in the petition itself, any documents the relator has attached and incorporated into the petition. State ex rel.Smith v. Enlow (July 20, 2001), 11th Dist. No. 2000-P-0131, 2001 Ohio App. LEXIS 3282.
{¶ 10} In light of the foregoing discussion, this court concludes that the dismissal of the mandamus petition in the instant case is warranted under Civ.R. 12(B)(6). Pursuant to relator's own allegations and attached documents, he will be unable to prove ultimately that respondent has a legal obligation to set the date of his release thirty days earlier than the date on which it is now scheduled. Therefore, because relator cannot establish each element of a mandamus claim, his petition fails to state a viable claim for relief.
{¶ 11} Consistent with the foregoing analysis, respondent's motion to dismiss is granted. It is the order of this court that relator's mandamus petition is hereby dismissed.
DONALD R. FORD, J., JUDITH A. CHRISTLEY, J., ROBERT A. NADER, J., concur.
[1] In the caption of his mandamus petition, relator referred to respondent as "Ms. Warran." In her motion to dismiss, respondent has indicated that her last name is spelled "Warne." For purposes of the caption of our opinion and judgment, this court must spell respondent's name in the manner stated on the petition. However, when it is necessary to refer to respondent's actual name in the text of the opinion, we will use her correct name.