JOURNAL ENTRY AND OPINION
{¶ 1} On January 7, 2003, Kelvin Doss filed a writ of mandamus to compel Judge Timothy J. McGinty to grant his motion for jail-time credit filed in State v. Doss, Cuyahoga County Court of Common Pleas, Case Nos. 423658, 421124 and 416424.[1] No answer or dispositive motion was filed. We sua sponte dismiss the petition.
 {¶ 2} In order for this court to issue a writ of mandamus, Doss must establish that: 1) he possesses a clear legal right to the relief prayed; 2) he possesses no plain and adequate remedy in the ordinary course of the law;[2] and 3) the judge possesses a clear legal duty to perform the requested act.
 {¶ 3} Although mandamus may be used to compel a judge to exercise judgment or to discharge a function, it may not control judicial discretion.[3] This court may not issue a writ of mandamus to compel the judge to grant a motion.[4]
 {¶ 4} We also find that relator failed to comply with Loc.App.R. 45(B)(1)(a) which provides that all complaints must contain the specific statements of fact upon which the claim of illegality is based and must be supported by an affidavit specifying the details of the claim.[5]
Additionally, we find that the petition is defective since it is improperly captioned. A petition for a writ of mandamus must be brought in the name of the state, on relation of the person applying. Doss' failure to properly caption his petition constitutes sufficient reason for dismissal.[6]
 {¶ 5} He also failed to comply with R.C. 2969.25, which mandates that he attach an affidavit to his complaint that describes each civil action or appeal of a civil action filed in the previous five years. The failure to provide such affidavit constitutes sufficient grounds for dismissal of his complaint for a writ of mandamus.[7]
 {¶ 6} Accordingly, we dismiss the petition. Doss to pay costs. Complaint Dismissed.
KENNETH A. ROCCO, A.J. and COLLEEN CONWAY COONEY, J., concur.
[1] A review of the record indicates that the Judge granted Doss' motion for jail-time credit on February 4, 2003, and ordered 114 days of credit.
[2] State ex rel. Manson v. Morris (1993), 66 Ohio St.3d 440,613 N.E.2d 232, citing State ex rel. Berger v. McMonagle (1983),6 Ohio St.3d 28, 451 N.E.2d 225.
[3] State ex rel. Ney v. Niehaus (1987), 33 Ohio St.3d 118,515 N.E.2d 914.
[4] State ex rel. Jones v. Friedland (May 30, 2002), Cuyahoga App. No. 81226, 2002-Ohio-2757.
[5] State ex rel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077; State ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899.
[6] Allen v. Court of Common Pleas of Allen Cty. (1962),173 Ohio St. 226, 181 N.E.2d 270; Dunning v. Judge Cleary (Jan. 11, 2001), Cuyahoga App. No. 78763.
[7] State ex rel. Zanders v. Ohio Parole Board (1998), 82 Ohio St.3d 421,696 N.E.2d 594; State ex rel. Alford v. Winters (1997), 80 Ohio St.3d 285,685 N.E.2d 1242.