OPINION
{¶ 1} The instant action in prohibition and mandamus is presently before this court for final consideration of the motion to dismiss of respondent, Judge Gary Leo Yost of the Ashtabula County Court of Common Pleas. As the primary legal grounds for his motion, respondent asserts that the petition of relator, Stanley Smith, fails to state a viable claim for either writ because his allegations are legally insufficient to establish that respondent lacked jurisdiction to proceed in the underlying criminal case. For the following reasons, this court concludes that the motion to dismiss has merit.
 {¶ 2} The subject matter of this action concerns the propriety of relator's 1992 conviction for felonious assault and an accompanying firearm specification. Essentially, relator contends that the conviction should not be allowed to stand because respondent had lacked subject matter jurisdiction over the underlying criminal case. Under both claims in his petition, relator seeks the issuance of an order under which respondent would be required to declare the 1992 conviction void and discharge him from the continuing jurisdiction of the Ashtabula County Court of Common Pleas.
 {¶ 3} Our review of relator's petition readily indicates that both of his claims for relief are predicated upon the following basic allegations: (1) in December 1991, the Ashtabula County Grand Jury indicted relator on one count of felonious assault; (2) besides the basic charge, the indictment contained a specification that relator had had possession of a firearm while committing the offense and a specification that relator had caused physical harm to the victim; (3) at the close of relator's trial in January 1992, respondent decided to remove the "physical harm" specification from the consideration of the jury; and (4) as a result, relator's conviction was limited to the felonious assault charge and the firearm specification.
 {¶ 4} As the legal grounds for his claims, relator argues in his petition that, by dismissing the "physical harm" specification from the criminal proceeding, respondent amended the indictment against him. Relator further maintains that this amendment was improper because it had the effect of altering the identity of the charged offense. In other words, he believes that, since the "physical harm" specification was not given to the jury, he was convicted of a different offense than that for which he had been indicted. In light of this, relator submits that the sentencing judgment rendered by respondent should be declared void because respondent lacked the jurisdiction to convict him of the "new" charge.
 {¶ 5} In now moving to dismiss relator's entire petition, respondent contends that relator is not entitled to either writ because his allegations are insufficient to demonstrate a lack of jurisdiction. Specifically, respondent contends that his disposition of the specification would not have any effect on his jurisdiction over the subject matter of the case,
 {¶ 6} At the outset of our discussion, this court would indicate that relator has previously tried to challenge the propriety of the 1992 conviction in multiple original actions before us. Although relator has framed the question in a number of different ways, his basic argument in these actions has remained constant: i.e., he has contended that respondent lacked the jurisdiction to enter final judgment against him because he was not convicted of the exact offense and specifications set forth in the indictment. For example, in State ex rel. Smith v. Yost
(Aug. 8, 1997), 11th Dist. No. 97-A-0009, 1997 Ohio App. LEXIS 3577, relator's basic assertion was that respondent had been deprived of jurisdiction to enter the conviction when he had failed to refer to the "physical harm" specification in his instructions to the jury and the verdict forms. In concluding that relator had not alleged sufficient facts to state a viable claim in mandamus, we first held that the indictment had been legally sufficient to give respondent jurisdiction over the criminal case:
 {¶ 7} "* * * Subject matter jurisdiction is invoked by the issuance and service of an indictment, and not by the `the reference' or a verdict form. Our review of the record indicates that the indictment contained a correct statement of the offense of felonious assault, R.C.2903.11(A)(2), in addition to the firearm specification and the physical harm specification. Where the indictment adequately provides the defendant with notice of the charges against him, the trial court possesses and properly exercises subject matter jurisdiction. * * * Notably, physical harm was listed as both an element of the charged offense, felonious assault, and in * * * a specification in the indictment. Relator was apprised at the outset that the jury would have to find that he had caused or attempted to cause physical harm to the victim. Thus, the trial court had subject matter jurisdiction over the instant cause from its inception." (Citations omitted.) Id. 1997 Ohio App. LEXIS 3577, at *2-3.
 {¶ 8} In light of the foregoing holding regarding the propriety of the initial procedure in the underlying criminal case, our 1997 Smith
opinion then considered what effect, if any, the failure to instruct on the "physical harm" specification had had upon respondent's jurisdiction. In a 1998 opinion which this court rendered on a second mandamus petition filed by relator, we summarized the second aspect of our 1997 Smith opinion in the following manner:
 {¶ 9} "In the second part of our analysis in relator's prior mandamus action, we concluded that the validity of the indictment against relator had not been affected by respondent's decision not to cite to the physical harm specification in `the reference' or the verdict form. As to this point, our prior opinion referenced the following facts: (1) the trial record showed that the omission of the physical harm specification was made at the request of relator's trial counsel; and (2) the trial record showed that respondent had expressly stated on the record the basis for his decision to omit the physical harm specification. Based upon this, we held that, because the indictment's validity had not been affected by the omission of the specification, respondent's jurisdiction over the subject matter likewise had not been affected." State ex rel.Smith v. Yost (June 19, 1998), 11th Dist. No. 98-A-0047, 1998 Ohio App. LEXIS 2750, at *3-4.
 {¶ 10} Although the instant case is a separate original action in which relator has made slightly different assertions and has attached limited evidentiary materials to his petition, the basic legal analysis from our 1997 Smith opinion would still apply. First, we would note that relator has attached a copy of the December 1991 indictment to his instant petition. Our review of the document again shows that it was sufficient to provide notice to relator of the basic charge and the specifications. Furthermore, we would note that relator has not alleged that the state failed to properly serve the indictment upon him. Therefore, relator's own allegations readily support the conclusion that respondent's jurisdiction was properly invoked at the beginning of the underlying criminal case.
 {¶ 11} As was noted above, the crux of relator's present petition is his assertion that respondent lost jurisdiction during the course of the underlying case when he amended the indictment by essentially deleting the "physical harm" specification. However, even if it assumed that respondent's alleged amendment was improper, the relevant case law of this state supports the further conclusion that an improper amendment would affect respondent's authority to proceed in the case. In State exrel. Raglin v. Brigano (1998), 82 Ohio St.3d 410, the petitioner sought a writ of habeas corpus on the grounds that the trial court had allegedly erred in amending the indictment against him. In affirming the dismissal of the habeas corpus petition, the Supreme Court of Ohio expressly held that the issue raised by the petitioner was "nonjurisdictional in nature * * *."
 {¶ 12} Under the Raglin precedent, any error in the amendment of an indictment would merely be a procedural error which could only be challenged through a direct appeal of the conviction. Thus, even if respondent did err in essentially deleting the "physical harm" specification from the indictment in relator's case, such an error would not render the subsequent conviction void because it would not have any effect upon respondent's jurisdiction over the subject matter of the case.
 {¶ 13} As relator correctly notes in his petition, a writ of prohibition can lie to require a judge to correct the results of a prior act on his part which he lacked the jurisdiction to perform. State exrel. Litty v. Leskovyansky (1996), 77 Ohio St.3d 97, 98. Accordingly, if relator could satisfy the elements of a writ of prohibition, a writ could issue requiring the vacation of the conviction, notwithstanding the fact that respondent is not presently exercising jurisdiction over the underlying case.
 {¶ 14} However, to be entitled to such a writ, the relator in a prohibition action must first be able to establish, inter alia, that the judge actually acted beyond the scope of his jurisdiction. Id. Pursuant to the foregoing analysis, we hold that relator's allegations are insufficient to satisfy this element of his prohibition claim. His assertion concerning the amendment of the indictment does not demonstrate that respondent lacked the requisite jurisdiction to enter the conviction against him.
 {¶ 15} Under his mandamus claim, relator has requested the identical basic relief which he sought under his prohibition claim; i.e., relator prays that respondent be ordered to vacate the 1992 conviction. Before a writ of mandamus can be rendered, though, the relator in such an action must be able to show, inter alia, that the judge has a clear legal duty to perform the specific act which the relator seeks to compel. State ex rel. Manson v. Morris (1993),66 Ohio St.3d 440, 441. In this instance, because relator's allegations are insufficient to prove a lack of jurisdiction, it follows that respondent would not have a legal duty to vacate the conviction. Therefore, it is equally evident that relator cannot satisfy the elements for a writ of mandamus.
 {¶ 16} Under Civ.R. 12(B)(6), a claim in a civil action is subject to dismissal if the nature of the allegations are such that, even when the allegations are construed in a manner most favorable to the plaintiff/relator, it is beyond doubt that he will be unable to prove a set of facts under which he will be entitled to the requested relief.State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn.
(1995), 72 Ohio St.3d 94, 95. Applying this standard to the allegations in the instant petition, this court concludes that both claims asserted by relator fail to state viable grounds for the requested relief.
 {¶ 17} Accordingly, respondent's motion to dismiss the instant petition is granted. It is the order of this court that relator's entire petition in prohibition and mandamus is hereby dismissed.
DONALD R. FORD, P.J., DIANE V. GRENDELL, J., CYNTHIA WESTCOTT RICE, J., concur.