JOURNAL ENTRY
{¶ 1} John W. Perotti, the relator, has filed a complaint for a writ of mandamus. Perotti seeks an order from this court which requires Judge Patrick Carroll, the respondent, to dismiss the underlying criminal charge of operating a motor vehicle while under the influence of alcohol/drug abuse, a violation of R.C.4511.19, as brought in State v. Perotti, Lakewood Municipal Court Case No. 03C4135. In addition, Perotti seeks the reimbursement of all costs, a return of his driving privileges, the removal of his name from all "police and BCI and BMV files," and that the "U.S. Department of Justice" and the "Ohio Inspector General" investigate the Lakewood City Prosecutor and the Lakewood Police Department. Judge Carroll has filed a motion to dismiss and/or motion for summary judgment, which we shall treat as a motion for summary judgment.
 {¶ 2} Attached to Perotti's motion captioned "relator's journal of dismissal to support motion for costs" is a copy of a judgment entry, as journalized on February 9, 2004, which demonstrates that the underlying action of State v. Perotti,
Lakewood Municipal Court Case No. 03C4135, has been dismissed. Thus, Perotti's complaint for a writ of mandamus, with regard to dismissal of the charge of operating a motor vehicle while under the influence of alcohol/drug abuse, is moot. State ex rel.Gantt v. Coleman (1983), 6 Ohio St.3d 5, 450 N.E.2d 1163; Stateex rel. Jerningham v. Cuyahoga Cty. Court of Common Pleas
(1996), 74 Ohio St.3d 278, 658 N.E.2d 723.
 {¶ 3} Finally, Perotti has failed to demonstrate that he is entitled to a writ of mandamus with regard to the reimbursement of all costs, a return of his driving privileges, the removal of his name from all "police and BCI and BMV files," and that the "U.S. Department of Justice" and the "Ohio Inspector General" investigate the Lakewood City Prosecutor and the Lakewood Police Department. In order for this court to issue a writ of mandamus, Perotti must establish the following: (1) Perotti has a clear legal right to the relief requested; (2) Judge Carroll possesses a clear legal duty to perform the requested relief; and (3) there exists no adequate remedy in the ordinary course of the law.State ex rel. Manson v. Morris (1993), 66 Ohio St.3d 440,613 N.E.2d 232. Herein, Perotti has failed to establish that he possesses a right to the reimbursement of costs, a return of his driving privileges, the removal of his name from police and records, or an investigation of the Lakewood City Prosecutor or the Lakewood Police Department. In addition, Perotti has failed to establish that Judge Carroll possesses any duty to effect the requested relief. Thus, Perotti's request for a writ of mandamus must fail. State ex rel. Ney v. Niehaus (1987),33 Ohio St.3d 118, 515 N.E.2d 914.
 {¶ 4} Accordingly, we grant Judge Carroll's motion for summary judgment. Perotti to bear costs. It is further ordered that the Clerk of the Eighth District Court of Appeals shall serve notice of this judgment upon all parties as mandated by Civ. R. 58(B).
 {¶ 5} The writ is denied.
Writ denied.
Karpinski and E. McMonagle, JJ., concur.