ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} On April 19, 2004, petitioner Bruce Iverson filed a writ of mandamus against the Ohio Adult Parole Authority. Iverson asks this court to "release him back onto the streets on the same terms and conditions of his original parole," after being charged with Escape in Cuyahoga County Court of Common Pleas, Case No. CR 450006.[1] On June 9, 2004, the respondent, through the Ohio Attorney General's Office, filed a motion to dismiss. For the following reasons, we grant the respondent's motion to dismiss.
 {¶ 2} In order for this court to issue a writ of mandamus, a relator must establish that: 1) the relator possesses a clear legal right to the relief prayed; 2) the respondent possesses a clear legal duty to perform the requested act; and 3) the relator possesses no plain and adequate remedy in the ordinary course of the law. State ex rel. Manson v. Morris (1993),66 Ohio St.3d 440, 613 N.E.2d 232, citing State ex rel. Berger v. McMonagle
(1983), 6 Ohio St.3d 28, 451 N.E.2d 225. In this matter, we find that Iverson failed to demonstrate that the Ohio Adult Parole Authority possesses a clear legal duty to release him under the same terms and conditions of his original parole.
 {¶ 3} We also find that relator failed to comply with Loc.App.R. 45(B)(1)(a), which provides that all complaints must contain the specific statements of fact upon which the the claim of illegality is based and must be supported by an affidavit from the plaintiff or relator specifying the details of the claim.State ex rel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077; State ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899.
 {¶ 4} Additionally, we find that Iverson's petition as to his request for a writ of mandamus is defective since it is improperly captioned. A petition for a writ of mandamus must be brought in the name of the state, on relation of the person applying. Iverson's failure to properly caption his petition as to the writ of mandamus constitutes sufficient reason for dismissal. Allen v. Court of Common Pleas of Allen Cty. (1962),173 Ohio St. 226, 181 N.E.2d 270; Dunning v. Judge Cleary (Jan. 11, 2001), Cuyahoga App. No. 78763.
 {¶ 5} Iverson also failed to comply with R.C. 2969.25, which mandates that he attach an affidavit to his complaint that describes each civil action or appeal of a civil action filed in the previous five years. The failure to provide such affidavit constitutes sufficient grounds for dismissal of the relator's complaint for a writ of mandamus. State ex rel. Zanders v. OhioParole Board, 82 Ohio St.3d 421, 1998-Ohio-218, 696 N.E.2d 594;State ex rel. Alford v. Winters, 80 Ohio St.3d 285,1997-Ohio-117, 685 N.E.2d 1242.
 {¶ 6} Accordingly, we grant the respondent's motion to dismiss and dismiss the petition. Relator to pay costs.
Complaint Dismissed.
Celebrezze, Jr., P.J., Concurs McMonagle, J., Concurs.
[1] A review of the lower court record indicates that on May 12, 2004, Iverson pled no contest to the charged offense and was sentenced on June 16, 2004.