ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} On July 29, 2004, relator, Tawana Larkins Clements, commenced this mandamus action against the respondent, Judge Shirley Saffold, to compel her to prepare findings of fact and conclusions of law. On August 12, 2004, the respondent, through the Cuyahoga County Prosecutor, filed a motion to dismiss. For the following reasons, we grant the motion to dismiss. According to the petition, Clements filed a motion for the assistance of unlicensed counsel in Clements v. Schottenstein Stores Corp.,
Cuyahoga County Court of Common Pleas Case No. CV-04-526581. On May 12, 2004, Judge Saffold denied that motion. Thereafter, Clements filed a motion requesting that Judge Saffold issue findings of fact and conclusions of law pertaining to this denied motion, which Judge Saffold also denied.
 {¶ 2} Initially, we note that the petition is fatally defective. Clements failed to support her complaint with an affidavit "specifying the details of the claim" as required by Local Rule 45(B)(1)(a). State ex rel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077; State ex rel. Smith v.McMonagle (July 17, 1996), Cuyahoga App. No. 70899.
 {¶ 3} Additionally, Clements' petition is defective since it is improperly captioned. A petition for a writ of mandamus must be brought in the name of the state, on relation of the person applying. Clements' failure to properly caption her petition constitutes sufficient reason for dismissal. Allen v. Court ofCommon Pleas of Allen Cty. (1962), 173 Ohio St. 226,181 N.E.2d 270; Dunning v. Judge Cleary (Jan. 11, 2001), Cuyahoga App. No. 78763.
 {¶ 4} Notwithstanding the above, in order for this court to issue a writ of mandamus, it must be established that: 1) the relator possesses a clear legal right to the relief sought; 2) the respondent possesses a clear legal duty to perform the requested act; and 3) the relator possesses no plain and adequate remedy in the ordinary course of the law. State ex rel. Mansonv. Morris (1993), 66 Ohio St.3d 440, 613 N.E.2d 232, citingState ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28,451 N.E.2d 225.
 {¶ 5} In her motion to dismiss, Judge Saffold argues that Clements failed to establish that she has a clear legal right to obtain, or that Judge Saffold is under a clear legal duty, to issue findings of fact and conclusions of law. We agree.
 {¶ 6} Accordingly, we grant Judge Saffold's motion to dismiss. Relator to bear costs. It is further ordered that the clerk shall serve upon all parties notice of this judgment and date of entry pursuant to Civ.R. 58(B).
Writ dismissed.
Cooney, J., Concurs.
 Karpinski, J., Concurs.