OPINION
{¶ 1} This original action is presently before this court for final disposition of the motion to dismiss of respondent, the State of Ohio. As the primary basis for its motion, respondent asserts that relator, Anthony J. Mallon, has failed to state a viable claim for relief against it because it does not have the authority to perform the specific act which he seeks to compel. For the following reasons, this court concludes that the dismissal of the mandamus claim is warranted. *Page 2 
 {¶ 2} Relator is confined in the North Central Correctional Institution at this time, having previously been convicted of one count of rape in the Trumbull County Court of Common Pleas in 1996. According to relator, his sentencing judgment ordered him to serve a term of seven to twelve years for the sole offense. Relator further asserts that this sentence was consistent with the terms of a plea agreement which he had reached with respondent.
 {¶ 3} In his instant petition, relator alleges that, after he had served over twelve years in the prison system, the issue of his possible release was raised before the Ohio Adult Parole Board for consideration. In its subsequent decision, the Board determined that relator was not suitable for release at that time and should be required to complete an additional five years before his next parole hearing. In support of its determination, the Board found that the nature of the underlying offense was such that relator's release would pose a threat to society.
 {¶ 4} As the grounds for his mandamus claim, relator contends that the action of the Board constituted a violation of his plea agreement. In light of this, he submits that he is entitled to an order which would require respondent to vacate his entire sentence, thereby ending his incarceration.
 {¶ 5} In now challenging the viability of the foregoing claim, respondent argues that relator has failed to bring this action against the appropriate party because respondent, as the representative of the state in the underlying criminal matter, has no power or authority to vacate his sentence. Upon reviewing the specific allegations in the petition, this court holds that respondent's argument has merit. In this regard, we would emphasize that, under elementary principles of criminal law, the discretion to *Page 3 
impose a prison term lies solely with the trial court. Based upon this, logic dictates that the trial court is the only entity which could order the vacation of a prison term. Even if the instant case involved a situation in which respondent agreed that the vacation was warranted, it could only make a recommendation on the matter; the ultimate decision on the request to vacate would still fall within the trial court's authority.
 {¶ 6} In relation to the question of what entity is the proper defending party in a mandamus action, this court has indicated that such a case must be brought against the public official which has allegedly failed to perform a mandatory act. Sardich v. State of Ohio, 11th Dist. No. 2002-T-0003, 2002-Ohio-2667, at ¶ 6. We have also indicated that we cannot acquire the requisite jurisdiction over the proper defending party unless the relator has performed the necessary steps to serve the petition upon that party. Id., at ¶ 7. In the instant case, not only has relator failed to refer to the trial court in the caption of his petition, but there is simply no indication in the record that relator tried to serve the petition upon the trial court or judge. Instead, the petition names the State of Ohio as the sole respondent in the matter, and service of process was only completed upon that particular entity.
 {¶ 7} As a general proposition, a writ of mandamus will be issued only when the relator can establish, inter alia, that the respondent has a clear legal duty to perform the requested act. State ex rel. Manson v.Morris (1993), 66 Ohio St.3d 440, 441. In the instant case, since the State of Ohio is not legally capable of vacating relator's basic conviction and sentence, he will never be able to satisfy the foregoing element for the writ. In other words, this action cannot go forward because relator has failed to invoke our jurisdiction over the proper party. *Page 4 
 {¶ 8} Accordingly, pursuant to Civ. R. 12(B)(6), respondent's motion to dismiss this action is hereby granted. It is the order of this court that relator's entire mandamus petition is dismissed.
DIANE V. GRENDELL, P.J., COLLEEN MARY OTOOLE, J., TIMOTHY P. CANNON, J., concur. *Page 1