[This opinion has been published in *Ohio Official Reports* at 76 Ohio St.3d 383.]

MOOTISPAW, APPELLANT, *v*. ECKSTEIN, PROS. ATTY., APPELLEE.

[Cite as *Mootispaw v. Eckstein*, 1996-Ohio-389.]

*Mandamus to compel prosecuting attorney to investigate alleged fraud and collusion between relator's attorney and an assistant prosecuting attorney in relator's criminal convictions—Writ denied, when.*

(No. 96-777—Submitted July 10, 1996—Decided August 21. 1996.)

APPEAL from the Court of Appeals for Fayette County, No. CA96-02-004.

_____

{¶ 1} Appellant, Rusty E. Mootispaw, is an inmate currently imprisoned at Lebanon Correctional Institution. In 1981, the Fayette County Court of Common Pleas convicted Mootispaw of murder and sentenced him to fifteen years to life in prison. At that time, Mootispaw was represented by attorneys John C. Bryan and James L. Butler, and the state was represented by then-Fayette County Prosecuting Attorney, John H. Roszmann, and Assistant Prosecuting Attorney James A. Kiger.

{¶ 2} In October 1994, Mootispaw allegedly received mail from Bryan which included a letter dated August 9, 1986 from Bryan to Kiger in which Bryan stated that Mootispaw was aware of Bryan and Kiger's "knowledge of his innocence of murder."

{¶ 3} In August 1995, Mootispaw filed a complaint in the Court of Appeals for Fayette County for a writ of mandamus to compel appellee, Fayette County Prosecuting Attorney Steven Eckstein, to investigate the alleged fraud committed by Bryan and Kiger. Eckstein filed an answer as well as a motion for summary judgment. Attached to Eckstein's motion for summary judgment was his affidavit in which he stated that (1) he had received a letter from Mootispaw along with the alleged letter from Bryan to Kiger, (2) he had investigated the matter by conducting interviews with Roszmann, Bryan, Butler, and officers of the local bar association,

and (3) upon completion of his investigation, he had concluded that Mootispaw's allegations were meritless.

**{¶ 4}** Mootispaw filed a motion for summary judgment and reply to Eckstein's summary judgment motion. Mootispaw contended that Eckstein had conflicts of interest in proceeding with the investigation because (1) Butler, one of Mootispaw's trial counsel, is a law partner of the president of the local bar association that Eckstein met with to conduct investigative interviews, and (2) Eckstein represented the attorneys complained about by Mootispaw in Mootispaw's false imprisonment action. See *Mootispaw v. Doe* (Oct. 23, 1995), Fayette App. No. CA95-03-009, unreported, 1995 WL 617476, appeal not allowed (1996), 74 Ohio St.3d 1523, 660 N.E.2d 743.

**{¶ 5}** In March 1996, the court of appeals granted Eckstein's motion for summary judgment and denied the writ. The court of appeals determined that based on Eckstein's affidavit, he had fulfilled his legal duty by investigating the matter and concluding that Mootispaw's allegations were without merit.

**{¶ 6}** The cause is now before this court upon an appeal as of right.

———————————

*Rusty E. Mootispaw, pro se*.

*Steven Eckstein*, Fayette County Prosecuting Attorney, and *James B. Grandey*, Assistant Prosecuting Attorney, for appellee.

———————————

**_Per Curiam._**

**{¶ 7}** In his sole proposition of law, Mootispaw asserts that the court of appeals erred in granting Eckstein's motion for summary judgment and denying the writ because prosecutors are required to investigate fraud and collusion in criminal convictions. In order to be entitled to a writ of mandamus, Mootispaw had to establish (1) a clear legal right to the requested investigation, (2) a corresponding clear legal duty on the part of Eckstein to conduct the requested investigation, and

(3) the lack of an adequate remedy in the ordinary course of law. *State ex rel. Manson v. Morris* (1993), 66 Ohio St.3d 440, 441, 613 N.E.2d 232, 233-234. Before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

{¶ 8} A prosecuting attorney will not be compelled to prosecute a complaint except when the failure to prosecute constitutes an abuse of discretion. *State ex rel. Master v. Cleveland* (1996), 75 Ohio St.3d 23, 27, 661 N.E.2d 180, 184. Consequently, the decision whether to prosecute is discretionary and not normally subject to judicial review. *Id.*, 75 Ohio St.3d at 27, 661 N.E.2d at 184, citing *Ohio Assn. of Pub. School Emp., Chapter 643, AFSCME, AFL-CIO v. Dayton City School Dist. Bd. of Edn.* (1991), 59 Ohio St.3d 159, 160, 572 N.E.2d 80, 82.

{¶ 9} Mootispaw contends that the letter attached to his complaint for a writ of mandamus was sufficient to preclude summary judgment. However, when a motion for summary judgment is made and supported as provided in Civ.R. 56, the nonmoving party may not rest on the mere allegations of his pleading, but his response, by affidavit or as otherwise provided in Civ.R. 56, must set forth specific facts showing the existence of a genuine triable issue. *State ex rel. Zimmerman v. Tompkins* (1996), 75 Ohio St.3d 447, 449, 663 N.E.2d 639, 641; *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, 274; Civ.R. 56(E).

{¶ 10} Eckstein supported his summary judgment motion with his affidavit, which established that he conducted an investigation and did not abuse his broad discretion in deciding not to prosecute the matter. By contrast, Mootispaw rested on the mere allegations of his pleading and failed to file Civ.R. 56 evidence setting

forth specific facts supporting his claim that Eckstein abused his discretion in deciding not to prosecute the matter.

{¶ 11} In addition, to the extent that Mootispaw claimed that Eckstein had conflicts of interest, the court of appeals correctly concluded that Mootispaw "failed to specifically explain [with appropriate Civ.R. 56 evidence] how either of these circumstances could have influenced respondent's investigation ***." Even assuming that Eckstein had a conflict of interest, Mootispaw had an adequate remedy at law, *i.e.*, he could have requested the common pleas court to appoint a special prosecutor to investigate and prosecute the alleged fraud. *Master*, 75 Ohio St.3d at 27, 661 N.E.2d at 184.

{¶ 12} For the foregoing reasons, the court of appeals properly entered summary judgment in favor of Eckstein and denied the writ. The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.

_____