JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiffs-appellants Mary and Ronald Flint appeal the trial court's granting summary judgment for defendant-appellee the Cleveland Clinic Foundation ("Clinic") and the court's denial of their motion for relief from judgment. We find no merit to the appeal and affirm.
 {¶ 2} On November 6, 2000, Mary Flint filed a complaint against the Clinic for injuries she suffered from a slip and fall on the Clinic's property. Her husband Ronald Flint filed a claim for loss of consortium.
 {¶ 3} The Clinic moved for summary judgment, which the Flints opposed with supporting affidavits. On August 3, 2001, the trial court entered summary judgment in favor of the Clinic as follows:
 {¶ 4} Defendant's MSJ is granted. Plaintiff is unable to state what caused her to fall. Plaintiff's argument that defendant created an unnatural accumulation of snow and/or ice is irrelevant if proximate cause is not demonstrated.
 {¶ 5} On October 10, 2001, the Flints filed a motion for relief from judgment, which was subsequently denied.
 {¶ 6} The Flints now appeal both decisions and raise three assignments of error.
 I. {¶ 7} THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN GRANTING THE DEFENDANT/APPELLEE'S MOTION FOR SUMMARY JUDGMENT ON THE BASIS THAT PLAINTIFF/APPELLANT COULD NOT IDENTIFY WHAT CAUSED HER FALL, WHEN THE CAUSE OF PLAINTIFF/APPELLANT'S FALL WAS NOT DISPUTED.
 II. {¶ 8} THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN GRANTING THE DEFENDANT/APPELLEE'S MOTION FOR SUMMARY JUDGMENT WHEN THE PLAINTIFF/APPELLANT PRESENTED EVIDENCE THAT HER FALL WAS THE RESULT OF AN UNNATURAL ACCUMULATION OF ICE AND WHICH WAS SUBSTANTIALLY MORE DANGEROUS THAN THE PLAINTIFF/APPELLANT COULD HAVE ANTICIPATED.
 {¶ 9} The Flints contend that the trial court erred in granting summary judgment for the Clinic because an icy patch clearly caused Mrs. Flint's fall and because there was a material issue of fact in dispute regarding whether the ice was created by an unnatural accumulation.
 {¶ 10} Appellate review of summary judgments is de novo. Graftonv. Ohio Edison Co., 77 Ohio St.3d 102, 105, 1996-Ohio-336; Zemcik v. LaPine Truck Sales Equipment (1998), 124 Ohio App.3d 581, 585. The Ohio Supreme Court stated the appropriate test in Zivich v. Mentor SoccerClub, 82 Ohio St.3d 367, 369-370, 1998-Ohio-389, as follows:
 {¶ 11} Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273-274.
 {¶ 12} Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E). Mootispaw v. Eckstein,76 Ohio St.3d 383, 385, 1996-Ohio-389. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg, 65 Ohio St.3d 356,358-359, 1992-Ohio-95.
 {¶ 13} According to Mrs. Flint's deposition testimony, she was making a routine delivery to the Clinic on February 7, 2000 at 12:50 p.m. as part of her employment with Blood Courier, Inc. She did not see any snow or ice on the sidewalk on her way into the building but noticed that the snow was shoveled to either side of the sidewalk. She also noticed that there was some salt on the sidewalk. According to Mrs. Flint, the sidewalk was not wet when she went into the building. Approximately fourteen minutes later, she exited the building and did not notice whether any fresh snow had fallen. She was walking to her car on what she thought was an area of dry cement, when she fell forward. When she got up, she noticed a small icy patch behind her where she had stepped.
 {¶ 14} The Flints filed two affidavits in support of their brief in opposition. Ken Kearns, the office manager of Blood Courier, Inc. stated that after Mrs. Flint's fall he viewed the area where she fell. He "observed that the snow had been plowed from the parking lot of the Cleveland Clinic Foundation and piled up along the walkway on which Mary had fallen. This plowed snow created an unnatural accumulation of ice and snow and was hazardous." (Kearns Affidavit at par. 4).
 {¶ 15} Ellen Grimmett, Flint's co-employee, testified that she made a delivery around 2:00 p.m. on February 7, 2000 and observed a small plow truck attempting to clear the walkways, which were icy. (Grimmett Affidavit at par. 4). According to Grimmett, the plow truck was not dispensing salt and she almost fell from slipping on the ice. (Grimmett Affidavit at par. 5, 6). She concluded that "the manner in which the walkways were being cleaned at the Cleveland Clinic the week of February 7, 2000 caused ice to form which created a hazardous condition." (Grimmett Affidavit at par. 9). She further stated that the sidewalks for the next couple of days were "icy from the frozen slush." (Grimmett Affidavit at par. 7, 8).
 {¶ 16} Construing the evidence in the light most favorable to the Flints, we find that the trial court correctly granted the Clinic's motion for summary judgment. Although we find that Mrs. Flint adequately testified that she slipped on an icy patch, the Flints' claim still fails because there was no evidence submitted indicating that the accumulation of ice was produced by an unnatural accumulation.
 {¶ 17} The general rule in Ohio is that an owner or occupier of land ordinarily owes no duty to business invitees to remove natural accumulations of ice and snow from the sidewalks on the premises, or to warn the invitees of the danger associated with natural accumulations of ice and snow. Brinkman v. Ross, 68 Ohio St.3d 82, 83, 1993-Ohio-72; Debiev. Cochran Pharmacy-Berwick, Inc. (1967), 11 Ohio St.2d 38. The underlying rationale is that "everyone is presumed to appreciate the risk associated with natural accumulations of ice and snow and therefore, everyone is responsible to protect himself or herself against the inherent risks presented by natural accumulations of ice and snow."Brinkman, supra at 84.
 {¶ 18} Liability may attach, however, if the owner or occupier negligently causes or permits an unnatural accumulation of ice or snow.Lopatkovich v. City of Tiffin (1986), 28 Ohio St.3d 204, 207. An unnatural accumulation of snow and ice is one that has been created by causes and factors other than meteorological forces of nature such as the inclement weather conditions of low temperature, strong winds and drifting snow. Porter v. Miller (1983), 13 Ohio App.3d 93, 95.
 {¶ 19} Although the affidavits of Flint's co-employees alleged that an unnatural accumulation of ice was created by the Clinic's piling snow on either side of the sidewalk, the Flints failed to present any evidence to support those allegations. Simply piling snow on either side of the sidewalk, without more, does not constitute an "unnatural" accumulation of ice.
 {¶ 20} If the Flints contend that run-off from the melting snow pile created the icy patch, several courts, including this one, have concluded that this does not constitute an "unnatural" accumulation of ice. When snow is removed, it has to be placed somewhere, and "a certain natural run-off of water is to be expected." Hoenigman v. McDonald'sCorp. (Jan. 11, 1990), Cuyahoga No. 56010. See, also, Davis v. TheTimbers Owners' Assoc. Towne Proper. Asset Mgm. Co. (Jan. 21, 2000), 1st Dist. No. C-990409; Sasse v. Mahle (Nov. 19, 1999), 11th Dist. No. 98-L-157; Community Ins. Co. v. McDonald's Restaurants of Ohio, Inc. (Dec. 11, 1998), 2nd Dist. No. 17051, 17053. "Slush is a natural phenomenon of changing weather conditions." Hoenigman, supra.
 {¶ 21} Although the Flints cite to this court's decision in Stinsonv. Cleve. Clinic Found. (1987), 37 Ohio App.3d 146, in support of their argument that the freeze and thaw cycle of piled-up snow can create an unnatural accumulation of ice, that case is distinguishable. In Stinson, the snow was removed from the sidewalk and piled on the adjacent grass which was on "a graded incline." In the instant case, there is no evidence that the snow was piled on an incline.
 {¶ 22} Because the Flints failed to present evidence that the ice was created by an "unnatural" accumulation of snow or ice, they failed to present a genuine issue of material fact regarding the duty of care.Gerber v. Chander, Inc. (Jan. 25, 2001), Cuyahoga No. 77649. Summary judgment in favor of the Clinic was, therefore, appropriate.
 {¶ 23} The first and second assignments of error are overruled.
 III. {¶ 24} THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN DENYING PLAINTIFF/APPELLANT'S MOTION FOR RELIEF FOR JUDGMENT.
 {¶ 25} The Flints failed to set forth an argument in support of this assignment of error.
 {¶ 26} Pursuant to App.R.12(A)(2), the appellant must set forth an argument in support of an assignment of error or it will be overruled.Hawley v. Ritley (1988), 35 Ohio St.3d 157, 159. Because of the Flints' failure to comply with the appellate rules, their third assignment of error is overruled.
Judgment is affirmed.
It is ordered that appellee recover of appellants its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, P.J. and DIANE KARPINSKI, J. CONCUR