JOURNAL ENTRY and OPINION
{¶ 1} Plaintiffs-appellants Rodney and Cynthia Edmondson appeal the trial court's decision granting summary judgment in favor of defendants-appellees Premier Industrial Corp. and CNA Insurance Company. For the reasons below, we affirm the trial court's decision.
 {¶ 2} On July 20, 2000, Rodney Edmondson was struck by a vehicle while in Atlanta. He sustained injuries which resulted in medical expenses in excess of $150,000. The driver of the vehicle had an insurance policy liability limit of $15,000 per accident. This suit was commenced by the Edmondsons against Premier and CNA for $1,000,000, which represents the full amount of the liability coverage limit set forth in an insurance policy between Premier and CNA.
 {¶ 3} At the time of the accident, Rodney's wife Cynthia was employed by Premier which was insured by CNA. The Edmondsons claimed that they were "insureds" under Premier's policy with CNA pursuant toScott-Pontzer v. Liberty Mutual Fire Ins. Co. (1999), 85 Ohio St.3d 660, and Ezawa v. Yasuda Fire Marine Co. of Amer. (1999),86 Ohio St.3d 557.
 {¶ 4} The parties filed motions for summary judgment, and on April 2, 2002, the trial court denied the Edmondsons' motion for summary judgment and granted CNA's motion. In pertinent part, the trial court found that Ohio law applies to the matter, and that Premier signed a valid rejection of uninsured/underinsured motorist (UM/UIM) coverage because the requirements of Linko v. Indem. Ins. Co. (2000),90 Ohio St.3d 445, do not apply, and the Edmondsons failed to present any evidence to overcome the presumption of validity.
 {¶ 5} On April 17, 2002, the trial court entered a nunc pro tunc order indicating that summary judgment was also granted in favor of Premier.
 {¶ 6} On appeal, the Edmondsons argue that the trial court erred in granting summary judgment for CNA and Premier. In response, Premier and CNA argue that the Edmondsons have failed to show that they are insureds under the policy in question. Further, on cross appeal they argue that the trial court erred in finding that Ohio law applies to the instant matter pursuant to Ohayon v. Safeco Ins. Co. of Ill. (2001),91 Ohio St.3d 474.
 {¶ 7} Appellate review of summary judgments is de novo. Graftonv. Ohio Edison Co., 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241;Zemcik v. La Pine Truck Sales Equipment (1998), 124 Ohio App.3d 581,585, 706 N.E.2d 860.
 {¶ 8} Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Zivich v. Mentor Soccer Club,82 Ohio St.3d 367, 1998-Ohio-389, Horton v. Harwick Chem. Corp. (1995),73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus.
 {¶ 9} The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt (1996),75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273-274.
 {¶ 10} Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); Mootispaw v. Eckstein,76 Ohio St.3d 383, 385, 1996-Ohio-389, 667 N.E.2d 1197. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg,65 Ohio St.3d 356, 358-359, 1992-Ohio-95, 604 N.E.2d 138.
 {¶ 11} Three issues have been presented for our determination. The first is a choice of law issue. The second issue is whether the Edmondsons are "insureds" for purposes of UM/UIM coverage under the policy issued to Premier by CNA. If we find that the Edmondsons are not insureds under the policy, then our inquiry is at an end. SeeScott-Pontzer v. Liberty Mutual Ins. Co. (1999), 85 Ohio St.3d 660, 662. The trial court based its determination on the third issue, which is whether the requirements set forth in Linko v. Indem. Ins. Co. (2000),90 Ohio St.3d 445, apply to the UM/UIM rejection form signed by Premier. However, this issue is only pertinent if the Edmondsons are determined to be insureds under the policy. If not, there is no need to considerLinko.
 Choice of Law {¶ 12} The Ohio Supreme Court in Ohayon held that an action by an insured against his or her insurance carrier for payment of UM/UIM coverage is a cause of action sounding in contract, rather than tort; thus, questions involving the nature and extent of the parties' rights and duties under an insurance contract's UM/UIM provisions shall be determined by the law of the state selected by applying Sections 187 and 188 of the Restatement of the Law 2d, Conflict of Laws (1971). (1 Restatement of the Law 2d, Conflict of Laws [1971], Section 205, applied.) 91 Ohio St.3d 474 at syllabus.
 {¶ 13} Section 188's choice-of-law methodology focuses on the place of contracting, the place of negotiation, the place of performance, the location of the subject matter, and the domicile of the contracting parties. Id. at 479.
 {¶ 14} In insurance cases, the rights created by an insurance contract should be determined "by the local law of the state which the parties understood was to be the principal location of the insured risk during the term of the policy, unless with respect to the particular issue, some other state has a more significant relationship * * * to the transaction and the parties." Id. citing, Restatement at 610, Section 193.
 {¶ 15} Here, the insurance contract was executed and delivered in Ohio by Premier, a corporation doing business in Ohio. The policy insured employees and vehicles principally located in Ohio. Thus, under Section 188's contractual choice-of-law analysis, Ohio law should apply to determine the parties' rights and duties under that contract, including those rights and duties created by the contract terms providing UM/UIM coverage. See Id. at 483.
 {¶ 16} Accordingly, CNA and Premier's assignment of error in their cross appeal is overruled.
 Scott-Pontzer/Definition of Insured {¶ 17} The Edmondsons argue that in accordance with the Ohio Supreme Court's decision in Scott-Pontzer v. Liberty Mutual Ins. Co.
(1999), 85 Ohio St.3d 660, and Ezawa v. Yasuda Fire Marine Ins.Co. of Am., 86 Ohio St.3d 557, 1999-Ohio-124, they are "insureds" under the commercial auto insurance policy which Premier obtained from CNA.
 {¶ 18} Scott-Pontzer involved a commercial automobile insurance policy issued to a corporation. In Scott-Pontzer, the plaintiff claimed a right to underinsured motorist coverage under her husband's employer's policy after her husband died in an automobile accident. The policy defined the insured as "you," and "if you are an individual, any family member." The insurance company argued that "you" referred only to the corporation. However, the Scott-Pontzer court concluded that it did not make sense to limit protection to the corporation only, because "a corporation cannot occupy an automobile, suffer bodily injury or death or operate a motor vehicle." Id. The court further found that the language of the policy was ambiguous, construed it in favor of the plaintiff, and found that her husband was insured under the policy.
 {¶ 19} The court further noted that the policy did not contain any language which made coverage contingent upon employees acting within the scope of their employment. Accordingly, the Scott-Pontzer court held that in the absence of contract language restricting coverage to employees who were acting within the scope of their employment, no such restriction would be read into the policy.
 {¶ 20} The policy in Ezawa included a definition of "insured" identical to that found in the Scott-Pontzer policy. In Ezawa, an employee's child sought coverage under his father's employer's commercial auto insurance policy. The trial and appellate courts found that the employee's child did not qualify for benefits under the policy. See Ezawav. The Yasuda Fire Marine Ins. Co. of Am. (June 30, 1998), 10th Dist. No. 97APE10-1343. However, the Ohio Supreme Court, without opinion, and relying on the authority of Scott-Pontzer reversed the appellate court's decision. Ezawa v. Yasuda Fire Marine Ins. Co. ofAm., 86 Ohio St.3d 557, 1999-Ohio-124.
 {¶ 21} Here, the policy defines "insureds" as follows:
 {¶ 22} "1. Who is An Insured
 {¶ 23} "The following are `insureds':
 {¶ 24} "a. You for any covered `auto'.
 {¶ 25} "b. Anyone else while using with your permission a covered `auto' you own, hire or borrow * * *."
 {¶ 26} The Edmondsons argue that the language above is just as ambiguous as that found in the Scott-Pontzer and Ezawa policies. We disagree. Unlike the Scott-Pontzer and Ezawa policies which generically refer to "you," the CNA policy qualifies its definition by requiring that coverage applies only when a covered auto is in use. Here, a covered auto was obviously not being used at the time of the accident because Rodney Edmondson was a pedestrian when he was struck by a car.
 {¶ 27} Most importantly, unlike the policy in Ezawa, the instant policy does not reference "family members." Absent such language, the coverage in the policy does not extend to family members of employees.Allen v. Johnson, 9th Dist. No. 01CA0047, 2002-Ohio-3404; see also,Devore v. Richmond, 6th Dist. No. WD-01-044, 2002-Ohio-3965 (coverage did not extend to wife when policy specified employees covered when action within the scope of employment). Accordingly, Rodney Edmondson is not an "insured" under CNA's policy and summary judgment in favor of CNA and Premier was appropriate.
Judgment affirmed.
It is ordered that appellees recover of appellants their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, P.J. CONCURS IN JUDGMENT ONLY WITH SEPARATECONCURRING OPINION; FRANK D. CELEBREZZE, JR., J. CONCURS WITH JUDGEBLACKMON'S SEPARATE CONCURRING OPINION