JOURNAL ENTRY AND OPINION
Defendants-appellants Mika Ferrell and Tawana Walton ("appellants") appeal the trial court's order granting summary judgment in a declaratory action brought by plaintiff-appellee Allstate Insurance Company ("Allstate"). For the reasons set forth below, we affirm.
Allstate instituted this action seeking a declaration that it was not required to indemnify its insureds, Herbert Singleton, Bernice Singleton and Singleton Properties, Inc. ("Singletons") for a default judgment appellants obtained against the Singletons. The default judgment arose from an alleged injury sustained by Mika Ferrell, a minor, while she and her mother were tenants at a property owned by the Singletons. Appellants filed a complaint in February of 2000 against the Singletons alleging negligence. Service on the Singletons was accomplished on March 13, 2000. In May of 2000, appellants filed a motion for a default judgment. Certified mail service was then obtained on the Singletons on June 9, 2000. On August 1, 2000, a default hearing was held and the trial court granted to appellants a $50,000 default judgment.
In November of 2000, following the default judgment, the attorney for the Singletons notified Allstate of the judgment. On behalf of the Singletons, Allstate filed a motion for relief from judgment on June 21, 2001, seeking to vacate the default judgment. The trial court denied the motion in July of 2001.
In November of 2001, Allstate filed its complaint for declaratory judgment against the Singletons and appellants, alleging that it was not required to indemnify the Singletons for the default judgment because the Singletons failed to comply with the prompt notice provision in the insurance contract. Allstate moved for summary judgment, to which the Singletons and appellants both responded and filed cross motions. The trial court granted Allstate's motion for summary judgment and denied the cross motions. It is from these rulings that appellants now appeal, asserting two assignments of error for our review.
"I. The common pleas court erred in granting summary judgment as a question of fact existed whether Allstate Insurance Company was materially prejudiced."
Appellants maintain the trial court erred in granting summary judgment because a question of material fact existed regarding whether Allstate was actually prejudiced by the delay in notifying it of the claim against the Singletons.
Appellate review of summary judgments is de novo. Grafton v.Ohio Edison Co., 77 Ohio St.3d 102, 105, 1996-Ohio-336; Zemcikv. La Pine Truck Sales Equipment (1998), 124 Ohio App.3d 581,585. The Ohio Supreme Court restated the appropriate test inZivich v. Mentor Soccer Club, 82 Ohio St.3d 367, 369-70,1998-Ohio-389, as follows:
"Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor."
Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); Mootispaw v.Eckstein, 76 Ohio St.3d 383, 385, 1996-Ohio-389. Doubts must be resolved in favor of the nonmoving party. Murphy v.Reynoldsburg, 65 Ohio St.3d 356, 358-59, 1992-Ohio-95.
Appellants first maintain Allstate waived Singleton's obligation to strictly comply with the prompt notice provision of the contract when it filed a motion for relief from judgment on behalf of the Singletons. However, an insurance company may defend an insured in a negligence action subject to a reservation of rights without waiving the right to assert contract defenses in the future. Motorists Mutl. Ins. Co. v. Trainor (1973),33 Ohio St.2d 41, paragraph one of the syllabus. In this case, it is uncontested on appeal that Allstate was operating under a reservation of rights. Therefore, we reject appellants' first contention.
Appellants next contend that, if the prompt notice provision does apply, there still exists a question of material fact regarding whether Allstate was prejudiced by a delay in notice.
The prompt notice provision in this policy states:
"1. What You Must Do After a Loss
"In the event of bodily injury or property damage, you must do the following things:
"a) Promptly notify us or our agent, in writing, stating:
"1) your name and policy number;
"2) the date, the place and the circumstances of the loss;
"3) the name and address of anyone who might have a claim against an insured person;
"4) the name and addresses of any witnesses.
"b) Send us any legal papers relating to the loss.
"c) At our request an insured person must:
"1) cooperate with us and assist us in any matter concerning a claim or suit' * * *." [Emphasis in original.]
In Ferrando v. Auto-Owners Mut. Ins. Co., 98 Ohio St.3d 186,2002-Ohio-7217, the Ohio Supreme Court held "[w]hen an insurer's denial of underinsured motorist coverage is premised on the insured's breach of a prompt-notice provision in a policy of insurance, the insurer is relieved of the obligation to provide coverage if it is prejudiced by the insured's unreasonable delay in giving notice. An insured's unreasonable delay in giving notice is presumed prejudicial to the insurer absent evidence to the contrary."
Therefore, our first inquiry is whether the Singletons delay in giving notice to Allstate was unreasonable. It is well-settled that a provision in an insurance policy requiring "prompt" notice to the insurer requires notice within a reasonable time in light of all the surrounding facts and circumstances. Ruby v.Midwestern Indemnity Co. (1988), 40 Ohio St.3d 159, syllabus.
In this case, Herbert Singleton testified in his deposition that, sometime after the August 1999 incident, he received a registered letter from an attorney. Singleton stated he did not notify anyone about the "lawsuit papers," rather he ignored them. The record reflects service was perfected on the Singletons on March 13, 2000, approximately a month after the complaint was filed. Singletons failed to file an answer, after which the trial court rendered a default judgment in August of 2000. Singletons failed to inform Allstate a default judgment had been rendered until Allstate contacted Herbert Singleton some six months later. We find the Singletons delay in providing notice to Allstate was unreasonable. This delay was presumptively prejudicial to Allstate. Ferrando, supra. Allstate was denied the opportunity to investigate the incident, determine the relative fault of the parties involved and participate in the litigation. Id. Furthermore, appellants have failed to rebut the presumption of prejudice. We therefore overrule appellants' first assignment of error.
Lastly, we find appellants' second assignment of error moot regarding the trial court's decision to deny their motion for summary judgment.
Judgment affirmed.
It is ordered that appellee recover of appellants its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, J., and Rocco, J., Concur.