ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
{¶ 1} Warren Potonak appeals from an order of the trial court that granted summary judgment in favor of Federal Express ("FedEx") driver Donald Whitmore. Potonak claims that the parties' comparative negligence was a question of fact for the jury's determination. We reverse and remand.
 {¶ 2} The record reveals that on the afternoon of June 8, 2002, Potonak was riding his bicycle westbound on Euclid Avenue in Cleveland. Upon approaching the intersection of Euclid Avenue and East 81st Street, he began slowing down for a red light, passing a FedEx truck along the way. While Potonak began slowing down, the light changed to green. Since he did not observe any turn signal on the FedEx truck, Potonak assumed that the truck would continue straight through the intersection. As a result, Potonak increased his speed, rode next to the FedEx truck, intending to travel through the intersection. However, at the same moment that Potonak attempted to pass the truck, the truck turned right on East 81st Street. Potonak immediately let go of his bicycle and landed under the truck.
 {¶ 3} Potonak suffered bruises and scrapes on his knees and soreness in his foot and neck as a result of the accident. Although he did not go to the emergency room immediately following the accident, he sought treatment for neck and foot injuries approximately one month later. He was treated for both injuries for approximately four months, but claimed to suffer recurring stiffness in his neck and foot at the time of his deposition.
 {¶ 4} In June 2003, one year after the accident, Potonak filed a complaint against the FedEx truck driver, Donald Whitmore, alleging negligence and seeking over $25,000 in damages. Whitmore moved for summary judgment, claiming no genuine issues of material fact existed, and that Whitmore owed Potonak no duty of care since Potonak, at the time of the accident, was violating R.C. 4511.28, passing on the right, and that this violation was the proximate cause of his injuries. The trial court granted the unopposed motion; however, following the court's grant of Civ.R. 60(B) motion for relief, the court allowed Potonak to file a brief in opposition. Following receipt of the brief, the trial court again granted summary judgment in favor of Whitmore. It is from this entry that Potonak appeals in a single assignment of error which states:
"THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT SINCE THE EVIDENCE SHOWED DEFENDANT DONALD WHITMORE DID NOT INITIATE HIS RIGHT HAND TURN SIGNAL AND, WHERE BOTH PARTIES WERE, ASSUMING ARGUENDO, NEGLIGENT PER SE, THEIR COMPARATIVE NEGLIGENCE WAS A QUESTION OF FACT TO BE DETERMINED BY THE FACT FINDER."
 {¶ 5} We review the grant of summary judgment de novo. Village ofGrafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105, 1996-Ohio-336. The Ohio Supreme Court set forth the appropriate test in Zivich v. MentorSoccer Club, 82 Ohio St.3d 367, 369-370, 1998-Ohio-389, and held:
"Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law." (Citations omitted)
 {¶ 6} Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); Mootispaw v. Eckstein, 76 Ohio St.3d 383,385, 1996-Ohio-389. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg, 65 Ohio St.3d 356, 358-359, 1992-Ohio-95.
 {¶ 7} R.C. 4511.28, entitled "Permission to overtake and pass on the right," states in pertinent part:
"(A) The driver of a vehicle or trackless trolley may overtake and pass upon the right of another vehicle or trackless trolley only under the following conditions: (1) When the vehicle or trackless trolley overtaken is making or about to make a left turn; (2) Upon a roadway with unobstructed pavement of sufficient width for two or more lines of vehicles moving lawfully in the direction being traveled by the overtaking vehicle."
 {¶ 8} The trial court found that Potonak violated this provision by passing Whitmore on the right when there was insufficient pavement for two or more lines of traffic, and that he had further failed to present any evidence that Whitmore noticed that Potonak was unlawfully passing on the right. For these reasons, the court found that Whitmore did not owe a duty of care, and any supposition that Whitmore's violation of R.C.4511.39, entitled, "Turn and Stop Signals," raised an issue of material fact was unfounded.
 {¶ 9} Although Whitmore claims that Potonak's bicycle is a "vehicle" and therefore falls within the guidelines of R.C. 4511.28, the legislature has set forth several provisions regarding the proper method for bicycles to pass on a roadway, specifically R.C. 4511.55(A), which states:
"(A) Every person operating a bicycle upon a roadway shall ride as nearto the right side of the roadway as practicable obeying all traffic rulesapplicable to vehicles and exercising due care when passing a standingvehicle or one proceeding in the same direction."
 {¶ 10} As to any question of Whitmore's own negligence, Whitmore had a statutory obligation to use his turn signal 100 feet prior to making a right turn. R.C. 4511.39 states in pertinent part:
"(A) No person shall turn a vehicle or trackless trolley or move right or left upon a highway unless and until such person has exercised due care to ascertain that the movement can be made with reasonable safety nor without giving an appropriate signal in the manner hereinafter provided.When required, a signal of intention to turn or move right or left shall be given continuously during not less than the last one hundred feet traveled by the vehicle or trackless trolley before turning.No person shall stop or suddenly decrease the speed of a vehicle or trackless trolley without first giving an appropriate signal in the manner provided herein to the driver of any vehicle or trackless trolley immediately to the rear when there is opportunity to give a signal."
 {¶ 11} Potonak claims that he did not see a turn signal and that the truck could have, and did not, turn right on red, lending further credibility to the argument that Whitmore did not activate his turn signal. Any question regarding a duty of care is premature as it must first be determined whether Whitmore, in fact, disobeyed R.C. 4511.39, by failing to use a turn signal.
 {¶ 12} Therefore, a question of fact remains as to whether Whitmore activated his turn signal and whether Potonak saw this signal and failed to pay attention to the signal or merely continued straight on the roadway. It is, then, an issue for the jury to compare the negligence of both Potonak and Whitmore.
 {¶ 13} Potonak's sole assignment of error has merit.
 {¶ 14} We reverse the trial court's grant of summary judgment and remand this case for proceedings consistent with this opinion.
It is ordered that the appellant recover from appellee costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J., And Calabrese Jr., J., Concur.